No. 6962. MARCH 14, 1929.

NOLAND *et al. v.* BOWEN, building inspector.

No. 6921. MARCH 14, 1929.

*G. S. Peck* and *Paul S. Etheridge & Son,* for plaintiffs.

*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for defendant.

HINES, J. Kitchens applied to the building inspector of the City of Atlanta for a permit to build an apartment-house in a district which had been zoned under the ordinances of the city for residential purposes. The inspector granted the permit. Noland and others appealed to the board of zoning appeals of the city. This board declined "to grant the appeal, in view of the decisions of the Supreme Court of the State of Georgia relating to the zoning ordinances of the City of Atlanta." Thereupon the appellants petitioned the superior court of Fulton County for the writ of certiorari to review the judgment of the board of zoning appeals. The judge to whom the petition was presented declined to sanction it. The appellants sued out the present writ of error to review said judgment.

This court has jurisdiction only in cases which involve the construction of the constitution of the State of Georgia, or of the United States; treaties between the United States and foreign governments; cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question; and, until otherwise provided by law, all cases respecting title to land; all equity cases; all cases which involve the validity or construction of wills; all cases of conviction of a capital felony; all habeas-corpus cases; all cases involving extraordinary remedies; all divorce and alimony cases; and all cases certified to it by the Court of Appeals for its determination. Acts 1916, p. 19; 10 Park's Code Supp. 1922, § 6502. This court is without jurisdiction to review the judgment of the judge of the superior court refusing to sanction the petition for certiorari in this case, the same not falling within any of the above subjects over which this court has jurisdiction. The case is therefore

*Transferred to the Court of Appeals. All the Justices concur.*